## GRIESON v. WINEY.

(Circuit Court of Appeals, Eighth Circuit. March 5, 1917.)

No. 4667.

1. SPECIFIC PERFORMANCE ⊂⊃53—RIGHT TO—NATURE OF REMEDY.

Specific performance of a contract is not of absolute right, but rests in sound judicial discretion, exercised in the light of equity and good conscience, and where, through misrepresentations of the broker that he was financially responsible and would at any time within a year relieve him of his purchase, defendant was induced to contract to purchase land, specific performance of the contract will not be decreed.

[Ed. Note.—For other cases, see Specific Performance, Cent. Dig. §§ 160–171½.]

2. SPECIFIC PERFORMANCE ⊂⊃53—RIGHT TO—FRAUD IN CONTRACT.

Where a real estate broker, with whom land had been listed for sale, misrepresented his financial responsibility, and by agreeing to relieve defendant of his purchase at any time within a year induced him to contract to purchase land, the fraud of the broker cannot be isolated from the principal contract, so as to authorize specific performance at suit of the owner.

[Ed. Note.—For other cases, see Specific Performance, Cent. Dig. §§ 160–171½.]

Appeal from the District Court of the United States for the Southern District of Iowa; Martin J. Wade, Judge.

Suit by C. H. Grieson against R. M. J. Winey. From a decree denying specific performance, complainant appeals. Affirmed.

Arthur W. Fowler, of Fargo, N. D., for appellant.

George F. Skinner, of Clinton, Iowa (Victor Coe, of Clinton, Iowa, and C. M. Waterman and Joe R. Lane, both of Davenport, Iowa, on the brief), for appellee.

Before HOOK and SMITH, Circuit Judges, and AMIDON, District Judge.

HOOK, Circuit Judge. This is an appeal by Grieson from a decree denying specific performance of a contract for the purchase of land by Winey. Briefly stated, the material facts are these: Grieson, being the equitable owner of a section of land in North Dakota, placed it with a firm of real estate agents there for sale at a specified price. One of the agents went to Iowa, where Winey lived, and led him to believe that he, the agent, was a man of means, and was the owner of a large amount of land in North Dakota which he wanted to sell. Winey was a farmer, about 77 years of age and without other business experience. The agent engaged his interest and influence to secure purchasers, and by agreeing to pay his expenses induced him to go to North Dakota with him to look over the land and so be better qualified in aiding to sell it. When they arrived there the agents showed Winey over the country, and the Grieson land in particular, and on the third and last day of his stay urged him to buy it himself. They told him his purchase would be an example to others in Iowa.

⊂⊃For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

He was reluctant to buy, but was finally persuaded to do so by an agreement, reduced to writing and signed by the agent, in whose financial responsibility he had been led to believe, that he, the agent, would, if desired at any time within a year, relieve him of his purchase and refund the money paid with interest. Winey thereupon signed the contract to purchase, the price specified being $5,798 in excess of that fixed by Grieson for the agents. The agent who agreed to relieve Winey from his bargain was in fact financially irresponsible, and his agreement was worthless. Three weeks later Winey notified the agents of his desire to be relieved, but without avail.

[1] Specific performance of a contract is not of absolute right, but rests in sound judicial discretion, exercised in the light of equity and good conscience. To justify a denial of specific performance, it is not necessary that the contract be invalid in law; it is sufficient if its terms are oppressive, unconscionable, or iniquitous, or if it was obtained by sharp practice, false artifice, or unfair means. Cathcart v. Robinson, 5 Pet. 264, 18 L. Ed. 120; Willard v. Tayloe, 8 Wall. 557, 19 L. Ed. 501; Pope Mfg. Co. v. Gormully, 144 U. S. 224, 236, 12 Sup. Ct. 632, 36 L. Ed. 414.

[2] It is clear that a fraud was practiced upon Winey to overcome his reluctance and to persuade him to sign the contract. But it is urged that Grieson was a stranger to the wrongdoing; that the agreement of the agent was collateral to the contract of sale and was made by him in the interest of his firm because of their commission. We are not impressed by the effort to break up the transaction in that way, and to detach and isolate the feature that operated on Winey as the persuasive inducement. To say the artifice practiced was but to gain an agent's commission, and not to make a sale, is to ignore the substance of things. Undoubtedly a real estate agent, with due regard for his duty to his principal, may in good faith make an independent contract with a prospective purchaser, based upon acquisition of title by the latter; but, if in the guise of such an independent contract, he practices a fraud that helps the sale, the fraud inheres in the main transaction, and will not be put aside as collateral. Here the business in hand was the sale of Grieson's land, and Grieson cannot stand clear of his agent's wrongful methods in effecting it.

The decree is affirmed.